FILED 11 MAR 29 12:59USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ELSA DURAN,

        Plaintiff,

        v.

WINDOW PRODUCTS, INC.,
A Washington corporation, d/b/a
CASCADE WINDOWS,

        Defendant.

Civil No. 10-125-ST

O R D E R

HAGGERTY, District Judge:

Magistrate Judge Stewart issued a Findings and Recommendation [36] in this action

recommending that defendant's Motion for Summary Judgment [20] be GRANTED IN PART

AND DENIED IN PART.

Plaintiff filed objections in a timely manner. The court has given the file of this case a *de*

*novo* review, and has also carefully evaluated the Magistrate Judge's Findings and

Recommendations, plaintiff's objections, and the record of the case. The Findings and

Recommendation is adopted in its entirety.

## ANALYSIS

The facts of the case, and the legal standards that are applicable to the issues advanced,

are presented thoroughly in the Findings and Recommendation. After conducting a careful

review of the entire record, this court concludes that the Magistrate Judge appropriately

ORDER -- 1

recommended denying summary judgment against plaintiff's statutory "whistle blowing" claim

brought under ORS 659A.199. No objections were asserted against this recommendation, and

this court satisfied itself that there is no clear error on the face of the record regarding this

recommendation. *Campbell v. United States District Court*, 501 F.2d 196 (9th Cir. 1974).

Plaintiff has filed objections pertaining to the recommendation that summary judgment is

warranted against plaintiff's wrongful discharge claim. When a party objects to any portion of

the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo*

determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell*

*Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Magistrate Judge concluded that an existing remedy adequately protects the public

interest raised by plaintiff's common law claim, and that the Oregon legislature has intentionally

abrogated the common law remedies sought by plaintiff by establishing an exclusive statutory

remedy. Findings and Recommendation at 8 (citing *Olsen v. Deschutes Cty.*, 127 P.3d 655,

659-60 (Or. Ct. App. 2006)).

Plaintiff contends this conclusion is error. Plaintiff asserts that the *Olsen* decision holds

that a statutory claim should not supersede a common law claim in instances in which the statute

at issue provides an explicit indication that the legislature did not intend to supersede the

common law claim. Objections at 2 (citing *Olsen*, 127 P.3d at 660-61).

In *Olsen*, the Oregon Court of Appeals addressed whether a common law wrongful

termination claim brought by certain employees should be dismissed because the employees had

the option of pursuing an adequate statutory remedy. *Id.* at 659. The court concluded that

although the statutory remedies were adequately comparable to common law remedies, that fact

alone was insufficient to support an inference that the legislature intended the statutory remedy to

ORDER -- 2

supersede the common law remedies. *Id.* at 660. Under the statutes at issue in *Olsen*, no inferences were necessary because the legislature stated explicitly that the statutory remedies were not intended to restrict or impair any existing judicial rights. *Id.* at 661 (citations and quotations omitted).

Plaintiff advances *Olsen*'s "conjunctive test" for determining whether a common law remedy should be construed as superseded. This requires that a defendant "demonstrate both that the remedy for violation of [the statute] is adequate in comparison to the remedy available under a common-law tort action and also that the legislature intended the statute to abrogate the common law." *Id.* at 660. Plaintiff appears to concede that the statutory remedies available to her would adequately compensate her; the Magistrate Judge commented that at oral argument on the summary judgment motion, both parties "agreed that this statute allows recovery of the same damages that are available to [plaintiff] if she prevails on her wrongful discharge claim and also allows an award of attorney fees." Findings and Recommendation at 9 (footnote omitted). However, plaintiff contends that the legislature intended the statute to supplement, not impair or restrict existing common law rights. Plaintiff argues that this intent is established by the language in subsection (2) of ORS 659A.199:

> [t]he remedies provided by this chapter are in addition to any common law remedy or other remedy that may be available to an employee for the conduct constituting a violation of this section.

ORS 659A.199(2)

This court acknowledges readily that this statutory language, coupled with the reasoning provided by the Oregon Court of Appeals in *Olsen*, provides a compelling basis for concluding that plaintiff's common law wrongful discharge claim should not be construed as superseded. This issue has been analyzed extensively since *Olsen* was decided. The most persuasive,

insightful analysis was authored by Magistrate Judge Acosta in *Reid v. Evergreen Aviation*

*Ground Logistics Enterprises, Inc.*, Civil No. 07-1641-AC, 2009 WL 136019, at *15-20 (D. Or.

Jan. 20, 2009).

In *Reid*, this court took head on the question of whether a common law wrongful

discharge claim should be dismissed when the plaintiff can recover adequate remedies from

statutory protections:

> The question of whether a terminated employee may bring a common law
> wrongful discharge claim when a statutory remedy also exists is a "gnarly one,"
> *Farrington v. Pepsi-Cola Bottling Co. of Bend*, CV-03-6297-TC, 2004 WL
> 817356, *2 (D. Or. February. 25, 2004), because of the difficulty in harmonizing
> the Oregon Supreme Court's and the Oregon Court of Appeals' numerous
> decisions in the years that followed the . . . creation of the [wrongful discharge]
> tort.  As Judge Stewart recently observed, "[t]he legal standard for determining
> whether a claim for wrongful discharge survives has suffered from a severe lack
> of uniformity both in Oregon courts and in this court." *Adams v. Home Depot
> USA, Inc.*, CV-05-1798-ST, 2007 WL 4565163, *29 (D. Or. Dec. 19, 2007).
> Virtually every judge in this district has confronted this issue and many of the
> resulting decisions have been accompanied by thorough, sometimes exhaustive,
> analysis of the problem.  This court . . . agrees that . . . if an adequate statutory
> remedy exists, a common law wrongful discharge claim based on the same
> conduct is precluded [and this] represents the rule in this district.  On this point
> there is almost uniform agreement among the other judges in this district.

*Reid*, 2009 WL 136019, at *16 (some citations and footnotes omitted).

This conclusion was based upon a careful scrutiny of the disjunctive test that was put

forth in *Draper v. Astoria School District No. 1C*, 995 F. Supp. 1122, 1130-31 (D. Or. 2006):

> a claim for wrongful discharge is not available in Oregon if (1) an existing remedy
> adequately protects the public interest in question, *or*, (2) the legislature has
> intentionally abrogated the common law remedies by establishing an exclusive
> remedy (regardless of whether the courts perceive that remedy to be adequate).
> This court will follow that view until the Oregon Supreme Court clarifies the
> governing standards.

(Emphasis added).

ORDER -- 4

The *Reid* court recognized two grounds for declining to follow the contrary *Olsen*

reasoning. The first is soundly convincing:

> First, *Olsen* interprets Oregon Supreme Court precedent in this area in a manner
> that the supreme court itself has not expressly articulated and which is arguably
> contrary to that higher court's still-controlling holdings on this point. In fact, the
> Oregon Supreme Court has never expressly overruled or even clarified its prior
> decisions to mean what *Olsen* holds. Second, the requirement that clear
> legislative intent always be present before a wrongful discharge claim is precluded
> – that an adequate statutory remedy by itself is not enough – necessarily expands
> the tort of wrongful discharge into areas where legislation already has given the
> claimant an adequate remedy and the public's interest is protected. Such
> expansion is clearly at odds with the tort's original construct, "to fill a remedial
> gap where a discharge would be left unvindicated," *Dunwoody v. Handskill Corp.*,
> 60 P.3d 1135, 1139 (Or. Ct. App. 2003), and its original purpose to "serve as a
> narrow exception to the at-will employment doctrine in certain limited
> circumstances where the courts have determined that the reasons for the discharge
> are so contrary to public policy that a remedy is necessary in order to deter such
> conduct." *Draper*, 995 F. Supp. at 1129. Put another way, *Olsen's* holding at
> least enlarges the availability of the tort in ways that the Oregon Supreme Court
> did not contemplate when it created the tort and has not expressly approved since,
> thus potentially converting the tort from being a narrow exception to the general
> rule to the general rule itself.

*Reid*, 2009 WL 136019, at *18.

Moreover, "the federal courts are bound by the relevant decisions of the forum state's

highest court on questions of state law. Here, this court agrees with *Draper's* conclusion, shared

by almost all other judges in this district, that those decisions hold that the presence of an

adequate statutory remedy precludes a common law wrongful discharge claim based on the same

conduct." *Id.* at *20. This court echoes the conclusion stated in *Reid* that if *Olsen's* reading

should apply "because it portends the Oregon Supreme Court's direction in this area – and this

court is not convinced that it does – then that reading is for the Oregon Supreme Court to

announce." *Id.*; *see also Hull v. Ivey Imaging LLC*, Civil No. 08-744-HU, 2008 WL 5071100, at

*2-3 (D. Or. Nov. 21, 2008) (holding that this court continues to apply the disjunctive test

pending the Oregon Supreme Court speaking more conclusively on the matter); *Adams v. Home*

ORDER -- 5

*Depot USA, Inc.*, No. 05-CV-1798-ST, 2007 WL 4565163, *29 (D. Or. Dec.19, 2007) (holding

that in light of prior analysis and the lack of contrary persuasive reasons, "this court continues to

require *either* a show of adequate statutory remedies *or* a specific legislative intent to abrogate

the common law, but not both") (emphasis in original); *Henry v. Portland Dev. Comm'n*, No.

CV-06-712-HU, 2006 WL 4008709, *6 (D. Or. Oct.18, 2006) (holding that a "federal court is not

bound by the decisions of a state intermediate appellate court if it determines that the state's

highest court would reach a different conclusion. Here, the Oregon Supreme Court . . . has not

conclusively spoken on this issue").

Accordingly, this court adopts the Findings and Recommendation decision to apply the

disjunctive test laid out in *Draper*, and to grant summary judgment to defendant on plaintiff's

common law wrongful discharge claim. Plaintiff's objections are rejected, and the Findings and

Recommendation is adopted in its entirety.

## CONCLUSION

The Magistrate Judge's Findings and Recommendation [36] in this action is adopted.

Defendant's Motion for Summary Judgment [20] is GRANTED IN PART AND DENIED IN

PART as specified in the Findings and Recommendation.

IT IS SO ORDERED.

Dated this 29 day of March, 2011.

Ancer L. Haggerty
United States District Judge

ORDER -- 6